### NESMITH v. ANKENY et al.

(Circuit Court of Appeals, Ninth Circuit. January 9, 1922.)

No. 3714.

**Mortgages ⬅38(1)—Evidence held insufficient to prove deed absolute in form a mortgage.**

In action by brother, who had conveyed land to sister, who had assumed mortgage indebtedness, to have the deed, absolute in form, declared a mortgage, evidence *held* insufficient to prove that it was not intended to pass absolute title.

Appeal from the District Court of the United States for the district of Oregon; Robert S. Bean, Judge.

Action by William G. Nesmith against John D. Ankeny, executor of the last will and testament of Levi Ankeny, deceased, and others. Decree for defendants, and plaintiff appeals. Affirmed.

William P. Lord, of Portland, Or., for appellant.

Dey, Hampson & Nelson and G. L. Buland, all of Portland, Or., for appellees.

Before GILBERT and HUNT, Circuit Judges, and RUDKIN, District Judge.

HUNT, Circuit Judge. This suit was brought in 1919 by William G. Nesmith against Levi Ankeny to have a deed absolute in form, made by appellant to his sister, Jennie Nesmith Ankeny, wife of Levi Ankeny, declared a mortgage. We have carefully examined the record in considering the principal question, the sufficiency of the evidence to sustain the decree, and summarize the case in this way:

The property included in the deed was the old home of appellant's father, and passed to appellant as his share of the father's estate. Appellant drank hard and was unsuccessful in farming, and in 1899, upon threat of foreclosure of a mortgage on the place held by an outsider, and in order to save the property from passing into the hands of a stranger, Mrs. Ankeny, through Mr. Daly, an attorney, on March 10, 1899, took a warranty deed from her brother, the consideration named being $1,000, with a covenant on the part of the sister to assume and pay the mortgage. Shortly thereafter Levi Ankeny, husband of Jennie Nesmith Ankeny, paid the mortgage debt, with interest ($7,492.40), and took an assignment of the mortgage. Mrs. Ankeny afterwards leased the farm to one Burch, a relative, with whom William lived until about 1903, when he left. Witnesses did not agree as to what was the value of the place (300 acres) in 1899, some saying it was worth $30 per acre; others, that it was worth from $60 to $75 per acre. Burch put the rental value as not in excess of $3 per acre. From 1899, until her death in 1918, Mrs. Ankeny paid all taxes, exercised exclusive control over the property, and spent about $21,000 in improving it. When she died, the property passed to her husband. William made no claim of interest until shortly before he brought this suit, or about 19 years after he made the deed to his sister. Daly, who acted as attorney for Mrs. Ankeny in the purchase, died before the present suit was instituted, and Levi Ankeny at the time of the trial was of enfeebled mind and has since died.

Certain statements said to have been made by Mrs. Ankeny to William were relied on by William. For instance, that made before the time of the transaction was to the effect that she (Mrs. Ankeny) told William that he was drinking too much, and she feared he would lose the place if nothing were done about it, and that "she would have to take it over." One of the statements, made after the transaction, was:

"I will hold the place just as I have. I have the place in my name, and am going to hold it for him"—meaning William's son, then a small boy.

Aside from the danger of accepting testimony of such oral statements, made 15 years before the evidence is given, even were the testimony reliable, we could not accept it as contradictory of the written deed, or as sufficient to show that a mortgage was in fact intended. The record contains no substantial evidence to justify a reversal of the conclusion reached by the learned District Judge, who held that it was intended that the absolute title should pass and that it was passed.

Inasmuch as plaintiff failed to sustain the burden of proof upon him, his complaint was properly dismissed. Harmon v. Grants Pass Banking & Trust Co., 60 Or. 69, 118 Pac. 188.

Decree affirmed.